HELEN MARSZALKIEWICZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marszalkiewicz v. Commissioner
Docket No. 2419-77.
United States Tax Court
T.C. Memo 1979-365; 1979 Tax Ct. Memo LEXIS 165; 39 T.C.M. (CCH) 90; T.C.M. (RIA) 79365; September 10, 1979, Filed Helen Marszalkiewicz, pro se. Judith E. Soltz, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth *166 below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $45.11. The only issue before the Court is the correctness of respondent's mathematical adjustment which resulted in the deficiency in the amount stated. FINDINGS OF FACT Petitioner was a resident of New York, New York at the time of the filing of the petitioner herein. Petitioner on her 1975 individual Federal income tax return reported adjusted gross income of $13,368.10 and claimed a standard deduction in the amount of $2,300 in computing her taxable income. Respondent recomputed petitioner's standard deduction as 16 percent of $13,368.10, or $2,138.90. Said mathematical adjustment resulted in the deficiency of $45.11 determined by respondent in the statutory notice. OPINION At the trial petitioner readily conceded the correctness of respondent's determination of the deficiency. However, she sought this opportunity to bring *167 to the Court's attention certain other problems involving estate tax matters. The record is unclear both as to the precise nature of these problems and the administrative status of these estate tax cases. Nor is the record clear as to the nature of petitioner's involvement in such cases. Finally, it seems that some of petitioner's complaints involve proceedings in State courts and before State administrative bodies. The statutory notice herein determined an income tax deficiency only for the year 1975 and consequently we are without jurisdiction in this proceeding to make any determination with respect to any other tax involving some other taxable period. Section 6214(a), Internal Revenue Code of 1954; see Dial v. Commissioner, 24 T.C. 117, 125 (1955).Moreover, this Court's jurisdiction depends upon a timely petition for redetermination of a deficiency determined by respondent. Sections 6212(a) and 6213(a), Internal Revenue Code of 1954. There is no indication in this record that respondent has even issued a statutory notice with respect to any estate tax deficiency. Here, petitioner has conceded the single issue in the only taxable *168 year over which we presently have jurisdiction. Consequently, Decision will be entered for the respondent. Footnotes
1. Pursuant to General Order No. 6 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩